Kevin J. O'Connor
LUM, DRASCO & POSITAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068-1049
(973) 403-9000
(973) 403-9021 [Fax]
Email: koconnor@lumlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRUIT FLOWERS, LLC,**<br><br>   **Plaintiff,**<br>v.<br><br>**JAMMALA, LLC, and MUNTHER DARAMNEH**<br><br>   **Defendants.** | Case No. _____ |

## COMPLAINT

Plaintiff Fruit Flowers, LLC ("Fruit Flowers") with a principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492, by and through its undersigned counsel, as and for its Claims against Defendants Jammala, LLC ("Jammala") and Munther Daramneh ("Daramneh") (collectively, "Defendants"), respectfully alleges and says:

### NATURE OF THE ACTION

1. This is an action for trademark infringement arising under the Trademark Laws of the United States, 15 U.S.C. §1501 *et seq.*

## THE PARTIES

2. Plaintiff Fruit Flowers is a limited liability company organized under the laws of Virginia with its principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

3. Upon information and belief, Jammala is a limited liability company organized under the laws of New Jersey with its principal place of business at 26 Franklin Turnpike, Unit # 10, Waldwick, New Jersey 07463.

4. Upon information and belief, Daramneh is an individual residing at 409 Marshall Street, Paterson, New Jersey 07503. Upon further information and belief, Daramneh is the president of Jammala.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and §1338(a) as this case arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

6. Personal jurisdiction is proper in this Court because Defendants are citizens of New Jersey and have conducted business within the State of New Jersey, thereby purposely availing themselves of the privilege of acting in the State of New Jersey. Defendants have also committed acts of trademark infringement in this District. Personal jurisdiction is also proper because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8. Fruit Flowers, LLC is engaged in the business of selling artfully designed and arranged cut fresh fruit products.

9. Fruit Flowers, LLC owns multiple United States registrations for use in connection with its sculpted fruit arrangements and other fruit products, including the following US Trademark Registrations (hereinafter "the Fruit Flowers Marks"):

| Mark | Registration Number | Registration Date |
|---|---|---|
| FruitFlowers | 3435102 | May 27, 2008 (Incontestable) |
| FruitFlowers Incredibly Edible Delites | 3387369 | February 26, 2008 (Incontestable) |
| FruitFlowers | 3387368 | February 26, 2008 (Incontestable) |
| FRUITFLOWERS | 3313004 | October 16, 2007 (Incontestable) |
| IED | 3090600 | May 9, 2006 (Incontestable) |
| FRUITFLOWERS.COM | 3067025 | March 14, 2006 (Incontestable) |
| [Incredibly Edible Delites, Inc. logo, www.fruitflowers.com] | 2854562 | June 24, 2003 (Incontestable) |
| INCREDIBLY EDIBLE DELITES, INC. | 2723829 | June 10, 2003 (Incontestable) |
| INCREDIBLY EDIBLE DELITES | 2721015 | June 3, 2003 (Incontestable) |

10. Fruit Flowers and its predecessors in interest had a franchising program that was administered by Incredible Franchise Corporation ("IFC"). In order to implement this franchising program, Fruit Flowers and its predecessors in interest granted IFC a license to the

3

Fruit Flowers Marks. This license allowed IFC to sublicense the Fruit Flowers Marks to franchisees. On July 29, 2014, Incredibly Edible Franchise, LLC ("IEF") succeeded IFC by merger.

11. Fruit Flowers and its franchisees offer arrangements of fresh fruit sculpted into the shapes of flowers and arranged in containers that mimic floral bouquets. Fruit Flowers also offers gourmet chocolate-dipped fruit, fruit salads, and other fruit and vegetable based products. These goods will hereinafter be collectively referred to as "the Fruit Flowers Goods."

12. In addition to its brick and mortar stores, Fruit Flowers promotes and sells its products via the Internet at its website www.fruitflowers.com.

13. Continuously, since at least 1984, Fruit Flowers and its licensees have extensively used the Fruit Flowers Marks to advertise, market and sell the Fruit Flowers Goods.

14. On November 16, 2007, IFC entered into a Franchise Agreement with Jammala, allowing Jammala to, *inter alia*, operate a Fruit Flowers store in New Jersey and use the Fruit Flowers Marks. Daramneh signed the franchise agreement on behalf of Jammala.

15. The Franchise Agreement required that Jammala pay certain royalties to Fruit Flowers. The Franchise Agreement also provided that it could be terminated if the franchisee breaches the agreement (*i.e.*, by failing to pay royalties) and fails to cure the breach within 30 days after receiving written notice. Beginning in 2009, Jammala failed to make these royalty payments to Fruit Flowers. On May 7, 2014, Fruit Flowers hand-delivered a Notice of Default and Termination to Daramneh informing Daramneh that the Franchise Agreement would be terminated unless Jammala cured all deficiencies with sixty days. Jammala failed to cure the deficiencies, and on July 7, 2014, the Franchise Agreement was terminated.

16. Under the Franchise Agreement, when the Agreement is terminated the franchisee must immediately cease using all of the IEF intellectual property, including but not limited to the Fruit Flowers Marks. Defendants were reminded of this provision in the Notice of Default and Termination.

17. Upon information and belief, after the Franchise Agreement was terminated, Defendants continued to operate their business as if nothing had changed. For example, they continued to use the Fruit Flowers Marks on the same types of products they sold when they were a Fruit Flowers franchisee. They also continued to operate their Waldwick, New Jersey store under the Fruit Flower Marks.

18. Upon information and belief, Defendants continued to advertise and began new advertising of the Fruit Flowers Marks in connection with the Fruit Flowers Goods through the internet on sites such as Groupon and Living Social. *See* Exhibit A, Defendants' Groupon and Living Social ads.

19. Upon information and belief, Defendants also maintain a Yelp page in which they use the Fruit Flowers Marks. *See* Exhibit B, Defendants' Yelp page.

20. On August 13, 2014, IEF sent Defendants a letter demanding that they immediately cease and desist in using the Fruit Flowers Marks. Despite this letter, Defendants continue to unlawfully use the Fruit Flowers Marks.

## COUNT I
**(Trademark Infringement Under 15 U.S.C. §1114(1)(a))**

21. Fruit Flowers repeats and realleges each and every allegation contained with Paragraphs 1-20 of this Complaint as though fully set forth herein.

22. Despite knowledge of Fruit Flower's rights in the Fruit Flowers Marks, Defendants have, without Fruit Flower's consent, used and continue to use in commerce the Fruit

Flowers Marks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of Defendants' goods and services.

23. Defendants' actions constitute willful infringement of Fruit Flower's exclusive rights in the Fruit Flowers Marks in violation of 15 U.S.C. §1114.

24. Defendants' use of the Fruit Flowers Marks, counterfeits, copies, reproductions or colorable imitations thereof, has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of Defendants' goods and services.

25. As a direct and proximate result of Defendants' conduct, Fruit Flowers has suffered irreparable harm to the valuable Fruit Flowers Marks. Unless Defendants are restrained from further infringement of the Fruit Flowers Marks, Fruit Flowers will continue to be irreparably harmed.

26. Fruit Flowers has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## COUNT II
### (False Designation of Origin or Sponsorship Under 15 U.S.C. §1125(a))

27. Fruit Flowers repeats and realleges each and every allegation contained within paragraphs 1-26 of this Complaint as though fully set forth herein.

28. Defendants have knowingly used and continue to use the Fruit Flowers Marks in commerce, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the goods and services that the Defendants advertise, promote, and sell. Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

29. Defendants' use of the Fruit Flowers Marks as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants and Fruit Flowers and/or Defendants' goods and services and Fruit Flowers's goods and services, and is likely to cause consumers to believe in error that Defendants' goods and services have been authorized, sponsored, approved, endorsed, or licensed by Fruit Flowers or that the Defendants are in some way affiliated with Fruit Flowers.

30. Defendants' acts constitute false designations of the origin and/or sponsorship of Defendants' goods and unfair competition in violation of 15 U.S.C. § 1125(a).

31. As a direct and proximate result of Defendants' conduct, Fruit Flowers has suffered irreparable harm to the valuable Fruit Flowers Marks. Unless Defendants are restrained from further infringement of the Fruit Flowers Marks, Fruit Flowers will continue to be irreparably harmed.

32. Fruit Flowers has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

### PRAYER FOR RELIEF

WHEREFORE, Fruit Flowers prays that this Court enter judgment against Defendants and in favor of Fruit Flowers on its claims as follows:

A. A determination that the Defendants have violated 15 U.S.C. § 1125(a), that Fruit Flowers has been damaged by such violations, and that the Defendants are liable to Fruit Flowers for such violations;

B. A determination that the Defendants have violated 15 U.S.C. § 1114(1)(a), that Fruit Flowers has been damaged by such violations, and that Defendants are liable to Fruit Flowers for such violations;

C. A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

D. Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making any unauthorized use of the Fruit Flowers Marks;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Fruit Flowers Marks; and

(3) using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Fruit Flowers or is sold, manufactured, licensed, sponsored, approved or authorized by Fruit Flowers;

E. For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Fruit Flowers' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

H.  For an award of Fruit Flowers' costs and disbursements incurred in this action, including Fruit Flowers' reasonable attorneys' fees;

I.  For such other and further relief as the Court may deem just and appropriate.

Dated: September 19, 2014

Respectfully submitted,

/s/ Kevin J. O'Connor
Kevin J. O'Connor
LUM, DRASCO & POSITAN, LLC
103 Eisenhower Parkway
Roseland, NJ  07068-1049
(973) 403-9000
Email: koconnor@lumlaw.com

*Pro Hac Vice Applications Pending:*

Mark A. Cantor (MI Bar No. P32661)
Chanille Carswell (MI Bar No. P53754)
Rebecca J. Cantor (MI Bar No. P76826)
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400; Fax: (248) 358-3351
Email: mcantor@brooksksuhman.com
        ccarswell@brookskushman.com
        rcantor@brooksksuhman.com

*Attorneys for Plaintiff Fruit Flowers, LLC*

## CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

                                                */s/ Kevin J. O'Connor*
                                                Kevin J. O'Connor

DATED: September 19, 2014