UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
**FRUIT FLOWERS, LLC,**             :    Civil Action No. 14-5834 (ES) (MAH)
                                   :
      **Plaintiff,**         :
                                   :
    v.                            :    **REPORT AND RECOMMENDATION**
                                   :
**JAMMALA, LLC, et al.,**           :
                                   :
      **Defendants.**         :
_____:

**HAMMER, United States Magistrate Judge**

    This matter having come before the Court upon Plaintiff's motion for attorneys' fees and costs pursuant to 15 U.S.C. §1117(a). (D.E. 11). The motion is unopposed. The Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for a Report and Recommendation. Pursuant to Fed. R. Civ. P. 78, the Court decided this motion without oral argument.

    For the reasons set forth below, the Court respectfully recommends that the District Court grant Counsel's motion, and award $19,550.00 in attorneys' fees, and $1,621.00 in costs.

    **I.    BACKGROUND**

    On September 19, 2014, Plaintiff, Fruit Flowers, LLC filed a Complaint against Defendants Jammala, LLC and Munther Daramneh, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, seeking, *inter alia*, to enjoin Defendants from using Plaintiff's registered trademarks. (D.E. 1). Plaintiff and Defendants were parties to a franchise agreement that Plaintiff terminated once Defendants began to default on their royalty payments. (*Id.*) Despite notice that the franchise agreement had been terminated, Defendants continued to use Plaintiff's trademarks. (*Id.*)

Daramneh was served with a copy of the Summons and Complaint on October 23, 2014. (D.E. Nos. 5-6). At that time he also accepted service on behalf of Jammala. (*Id.*) On December 9, 2014, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (D.E. dated 12/9/2014). Plaintiff filed a motion seeking default judgment on January 30, 2015. (D.E. No. 8). On September 29, 2015, the Honorable Esther Salas filed an Opinion and Order granting Plaintiff's unopposed motion for default judgment against Defendants, finding that Defendants did not have permission to use Plaintiff's mark, that Defendants' use of the Fruit Flowers' mark gives rise to a likelihood of confusion, and that granting default judgment was appropriate. (D.E. 10). The Court permanently enjoined Defendants from using the Fruit Flowers' marks or any trademarks "confusingly similar" and directed Defendants to file a report with the Court indicating how they have complied with the injunction. (*Id.*) The Court also determined that Plaintiff was entitled to fees pursuant to 15 U.S.C. § 1117(a), but directed Plaintiff to file a separate application for reasonable attorneys' fees, costs and disbursements, with supporting documentation. (*Id.*)

**II.    DISCUSSION**

    **A. Attorneys' Fees**

Having decided that an award of attorneys' fees and costs is appropriate in this matter, all that remains for this Court to determine is the reasonableness of the amount requested by Plaintiff. "The starting point for determining any reasonable fee is to calculate a 'lodestar' amount; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998). Once determined, the lodestar is presumed the reasonable fee. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). When calculating the lodestar amount, courts conduct a three-step inquiry: (i) decide

a reasonable hourly rate, and multiply that rate by (ii) the number of hours the attorney reasonably expended, and (iii) alter the total amount, if necessary. *See J&J Snack Foods*, 2003 WL 21051711, at *6 (D.N.J. May 9, 2003).

Generally, the party seeking a fee award has the initial burden of proof. *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). Although courts have considerable discretion to award fees, courts cannot decrease fee awards "based on factors not raised at all by the adverse party." *J&J Snack Foods*, 2003 WL 21051711, at *6. Nonetheless, courts may adjust the lodestar if it is unreasonable based on the results of the case. *See Rode*, 892 F.2d at 1183. Typically, lodestar adjustments occur "for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id.*

### i. The Reasonable Hourly Rate

Prevailing market rates in the legal community usually set the reasonable hourly rate. *See AT & T Corp. v. JMC Telecom, LLC*, No. 99-2578, 2005 WL 2086194, at *3 (D.N.J. Aug. 26, 2005) (explaining that the prevailing party satisfies this burden by "submitting the affidavits of other attorneys in the relevant legal community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience."). Under the "forum rate rule," out-of-state attorneys obtain the hourly rate "prevailing in the forum in which the litigation is lodged." *Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 493 (D.N.J. 1998) (internal citations and quotations omitted). If the prevailing party sets forth the reasonable hourly rate, then the losing party may contest that rate with evidence in the record. *See J&J Snack Foods*, 2003 WL 21051711, at *7. The Court, however, must award fees to the prevailing party at the requested hourly rate if, as here, the losing party submits no contradictory evidence. *See id.*

The Court concludes that Plaintiff's attorneys have submitted sufficient evidence to establish the reasonableness of the requested hourly rates. *See* O'Conor Dec., at ¶ 7, D.E. 11-1; *see also* R. Cantor Dec. at ¶ 9, D.E. 11-7. Moreover, because Defendants have submitted no affidavits or other evidence contesting Counsel's *prima facie* showing, the Court will grant the requested amounts. *See, e.g., AT & T Corp.*, 2005 WL 2086194, at *4. Thus, Counsel's hourly rates shall be as follows: O'Connor $400 per hour; M. Cantor $450 per hour; Carswell $280 per hour; and R. Cantor $335 and $350 per hour (R. Cantor's billing rate changed from $335 to $350 on January 1, 2015.). *See* O'Connor Dec., at Exh. B, D.E. 11-3; R. Cantor Dec., at Exh. D, D.E. 11-11;

### ii. Time Reasonably Expended

The second step in this analysis requires the Court to determine whether Counsel reasonably expended their time while working on this case. *See Blakely*, 2 F. Supp. 2d at 604. The Court may reject fees for any hours that are "excessive, redundant, or otherwise unnecessary." *Id.* That is, in order to recover fees, an attorney's work must be "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (internal quotations omitted). Regarding duplicative work, Courts may reduce fee awards "only if the attorneys are unreasonably doing the same work." *Rode*, 892 F.2d at 1187 (emphasis in original) (quoting Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988)). If the prevailing party demonstrates that the requested hours are reasonable, the court may reduce fee awards only upon the adverse party's objections. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989).

Fruit Flowers submitted that its counsel spent approximately 52.4 hours of time on this case, as set forth in the affidavits of attorneys Kevin J. O'Connor and Rebecca J. Cantor.

(O'Connor Dec., Exh. B, R. Cantor Dec., Exh. D.)  After a careful review of the declarations and supporting documentation, the Court finds that the time spent by the attorneys on this case was not excessive, duplicative or unreasonable.  In addition, the fees charged by counsel are of the duration and nature customarily charged for comparable legal services.

### iii.  Lodestar Calculation

For the reasons set forth above, the lodestar is:

| **Attorney** | **Hours** | **Hourly Rate** | **Total** |
| --- | --- | --- | --- |
| Kevin J. O'Connor | 10.3 | $400 | $4,120 |
| Mark A. Cantor | 7.8 | $495 | $3,861 |
| Chanille Carswell | 1.0 | $280 | $280 |
| Rebecca J. Cantor | 24.4 | $335 | $8,174 |
| Rebecca J. Cantor | 8.9 | $350 | $3,115 |

### B.  Costs

Prevailing plaintiffs may recover the "costs of the action" under the Lanham Act; and, such costs include travel expenses, and filing fees.  15 U.S.C. § 1117(a); *SNA, Inc. v. Array*, 173 F. Supp. 2d 347, 353 (E.D. Pa. 2001).  Here, Counsel seek $1621.00 for filing fees, photocopying, delivery, technology database and travel expenses.  *See* O'Connor Dec., Exh. B, R. Cantor Dec., Exh. D.  The Court finds the requested costs are reasonably related to this litigation, and were properly documented.  *See SNA*, 173 F. Supp. 2d at 353.

### III.  CONCLUSION

The Court respectfully recommends that the District Court grant Counsel's motion (D.E. 11) and award $19,550.00 in fees, and $1621.00 in costs.

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

                                                    *s/ Michael A. Hammer*  
                                                    **UNITED STATES MAGISTRATE JUDGE**

Dated: January 6, 2016